UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES A MOON, JR<br>  a/k/a MOON<br>  a/k/a MUSTAFA RA'ID-BEY,<br><br>                Plaintiff,<br><br>                v.<br><br>WILLIAM C MENGES, JR Judge,<br>BRENT R DECHERF Defense Attorney,<br>ERIC GRZEGORSKI Deputy Prosecutor,<br>RONALD C. BYAL Deputy Prosecutor,<br><br>                Defendants. | No. 1:20-cv-01032-JPH-TAB |

**ENTRY SCREENING AND DISMISSING COMPLAINT
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

### I. Screening of Complaint

**A.**     *Legal Standards*

Plaintiff Charles A. Moon a/k/a Mustafa Ra'id-Bey is an inmate at Westville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

### B.     *Allegations*

The plaintiff filed this action in the Northern District of Indiana on January 30, 2020, and the action was transferred to this Court on April 2, 2020. Dkt. 1; dkt. 5. The complaint names four defendants: 1) Judge William C. Menges; 2) defense attorney Brent Decherf; 3) Deputy Prosecutor Eric Grzegorski; and 4) Deputy Prosecutor Ronald Byal. For relief, the plaintiff seeks compensatory damages and an apology.

The plaintiff alleges that on March 22, 2018, he was driven from the Howard County Jail (Jail) to the local courthouse. The plaintiff was shackled and handcuffed in the van and seat belts were not used. The driver, Officer McClish, hit a curb which caused the plaintiff's head to hit a speaker on the ceiling of the van. The plaintiff suffered a gash on his head, neck pain, and headaches. Although the plaintiff told Officer McClish, his defense attorney, prosecuting attorneys, and the judge about his injuries, he was made to wait until after his plea deal was signed and he was sentenced before being taken back to the Jail to obtain medical treatment hours later.

The plaintiff filed a lawsuit on March 28, 2018, against Officer McClish alleging that he failed to take reasonable measures to obtain medical treatment for the plaintiff's injuries while at the courthouse. *Ra-id-Bey v. McClish,* 1:18-cv-0987-JRS-DML (S. D. Ind.) (2018 Action). That case was settled and closed on April 26, 2019. *Id*. The plaintiff does not explain why he did not join his claims against these four defendants in the 2018 Action.

The plaintiff alleges that the defendants were deliberately indifferent to his serious medical injuries.

C.   *Discussion*

The claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

The plaintiff's claims against Judge Menges are barred because a "judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage,* 636 F.3d 834, 838 (7th Cir. 2011); *see also Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Assuming that Judge Menges denied the plaintiff's request for a continuance of the sentencing hearing, the judge plainly had the authority to do so. The claims against Judge Menges are **dismissed for failure to state a claim upon which relief can be granted.**

"Prosecutors and probation officers are absolutely immune from suits challenging conduct intimately associated with the judicial phase of the criminal process." *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018) (citing *Van de Kamp v. Goldstein,* 555 U.S. 335 (2009)); *see also Archer v. Chisholm,* 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."). The prosecuting attorneys' decisions to proceed with the prosecution was intimately related with the criminal process. Any claims against prosecuting

3

attorneys Grzegorski and Byal are barred because of their absolute immunity and are therefore **dismissed for failure to state a claim upon which relief can be granted.**

This leaves for consideration the claim against the plaintiff's defense attorney, Mr. Decherf. The complaint does not specify whether Mr. Decherf is a private attorney or a public defender. If Mr. Decherf acted as a private attorney, he is not a state actor. *See Redwood v. Dobson,* 476 F.3d 462, 466 (7th Cir. 2007). Even if Mr. Decherf was a court-appointed public defender, he is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Therefore, any claim against Mr. Decherf is **dismissed for failure to state a claim upon which relief can be granted**.

For the reasons discussed above, the plaintiff's claims against all defendants in this action are **dismissed for failure to state a claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here. Accordingly, the complaint must be **dismissed for failure to state a claim upon which relief can be granted.** *See* 28 U.S.C. § 1915A(b).

## II.  Show Cause

The plaintiff shall have **through June 3, 2020,** in which to **show cause** why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

The plaintiff had been ordered to pay the remaining $50.00 of the filing fee by May 1, 2020. Dkt. 8. That deadline has passed without payment. The plaintiff shall have additional time, **through June 3, 2020,** in which to pay the remaining $50.00 of the filing fee.

If the plaintiff fails to respond to this order to show cause and pay the $50.00 balance, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted and comply with Court orders, without further notice.

**SO ORDERED.**

Date: 5/6/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES A MOON, JR
250928
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391